IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| BARBARA GAUDLOCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:11-CV-0011-RWS-SSC |
| | : | |
| KUBOTA and PREFERABLE STAFFING, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**FINAL REPORT AND RECOMMENDATION**

On January 21, 2011, Plaintiff filed an application to proceed *in forma pauperis* in this action alleging, *inter alia*, that Defendants terminated her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (see Doc. 1). On April 8, 2011, the Court entered an Order [Doc. 2] granting Plaintiff's application to proceed *in forma pauperis*, but directing Plaintiff to file an amended complaint within fourteen (14) days because her complaint was insufficient to satisfy the pleading standards of Fed. R. Civ. P. 8, Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and to file with her amended complaint a copy of the charge of discrimination she filed with the United States Equal Employment Opportunity Commission ("EEOC")and the Notice of Right-to-Sue she received from the EEOC. Plaintiff failed to comply with the Court's Order.

By subsequent Order [Doc. 6], entered on April 27, 2011, the Court ordered Plaintiff to comply with the April 8, 2011 Order by filing her amended complaint as directed within fourteen (14) days. Plaintiff was further ordered to show cause within fourteen (14) days why her complaint should not be dismissed due to her failure to comply with the Court's April 8th Order. Plaintiff was cautioned that failure to comply with the Court's Order would result in a recommendation to the District Judge that Plaintiff's complaint be dismissed. (See Doc. 6). To date, Plaintiff has failed to comply with either of the Court's Orders.

LR 41.3A(2), NDGa. authorizes dismissal of a civil action for want of prosecution "with or without notice to the parties" when "[a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case." Fed. R. Civ. P. 41(b) provides that upon motion of a defendant, a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." And "[i]n addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980).

After being advised that her complaint was insufficiently pled, Plaintiff in this action has failed to comply with two Orders of this Court directing her to file an amended complaint. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice, pursuant to Fed. R. Civ.

P. 41(b), the Court's "inherent authority to dismiss an action for want of prosecution . . . when necessary to maintain the orderly administration of justice" and LR 41.3A(2), NDGa. for Plaintiff's failure to prosecute this action and for her failure to comply with two Orders of this Court, even after she was warned that noncompliance could result in dismissal of her complaint.[1]  (See Docs. 2 and 6).

**IT IS SO REPORTED AND RECOMMENDED** this 16th day of May, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

---

[1] There is no indication that any of the Orders or other materials sent to Plaintiff have been returned to the Clerk's Office.